Yingqing CHEN, Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 03–72051.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted April 4, 2005.

Decided April 20, 2005.

courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

1. Balogun's Request to Take Judicial Notice
and his Motion to Supplement the Record are
denied as moot.

* Alberto R. Gonzales is substituted for his pre-
decessor, John Ashcroft, as Attorney General
of the United States, pursuant to Fed. R.App.
P. 43(c)(2).

history of this case, we will not recount it here.

Sean Yuan, Law Office of Sean Yuan, Irvine, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, S.E. Slater, U.S. Department of Justice, Civil Division/Appellate Staff, Washington, DC, for Respondent.

Before: THOMAS and BERZON, Circuit Judges, and MAHAN,** District Judge.

MEMORANDUM ***

Yingqing Chen petitions for review of a decision of the Board of Immigrations Appeals ("BIA") affirming an order of an immigration judge ("IJ") denying the applications of his wife and family's applications for asylum and withholding of removal. Because the BIA adopted the IJ's reasoning, we review the BIA's decision, along with the reasons specified by the IJ. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002) ("Where ... the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's.") We grant the petition for review. Because the parties are familiar with the factual and procedural

I

■ The government first argues that we lack jurisdiction over this petition for review because Chen's claim is derivative, yet his counsel filed a single petition for review that included only Chen's name in the caption. We have considered this argument previously and found it unpersuasive. In *Ochave v. INS*, 254 F.3d 859 (9th Cir.2001), we considered an identical circumstance in which the petition for review was filed in the name of the derivative petitioner. In rejecting the identical argument made by the government in that case, we observed:

As a threshold matter, Respondent argues that we lack jurisdiction over Felicitas' petition for review because Petitioners filed a single petition for review in Quirino's name only....

In any event, however, Quirino's claim for asylum is derivative of Felicitas' claim. Their applications were *consolidated* for hearing and on appeal. *Both* applications stand or fall on the question of whether the rape of Felicitas and her daughter was "on account of" an imputed political opinion. Where, as here, the IJ and the BIA address spouses' applications for asylum together, we do the same on appeal. *Chand v. INS*, 222 F.3d 1066, 1069 n. 2 (9th Cir.2000). In the circumstances, Respondent's argument that the single petition for review is insufficient to confer jurisdiction over Felicitas' petition—an argument for

** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

which Respondent offers no authority—is not well taken.

*Id.* at 864.

Under *Ochave*, we must reject the government's argument that we lack jurisdiction over the asylum claims of Minfen Liang and Jiaqi Chen. The timely petition for review was filed in the name of Yingqing Chen, so there is no doubt that we have jurisdiction over his claims.

## II

■ Substantial evidence supports the BIA's conclusion that Minfen Liang did not suffer past persecution within the meaning of the Immigration and Naturalization Act. Her strongest claim of past persecution is that she was forced to insert an intrauterine device after the birth of her first child. In considering a similar claim, we concluded that the petitioner was "not *necessarily* eligible for asylum." *Zi Lin Chen v. Ashcroft*, 362 F.3d 611, 623 (9th Cir.2004). We also noted that we had not, as yet, addressed whether the insertion of an IUD could by itself constitute past persecution. *Id.* at 622. However, in *Chen*, we concluded that the facts as alleged constituted a sufficient basis on which she could assert a well-founded fear of future persecution. *Id.* at 623. Therefore, we remanded to the BIA for further proceedings. *Id.*

■ Similarly here, although the presumption of future persecution is not available to Liang based on existing case law, the evidence she tendered constituted a sufficient basis to satisfy her burden of establishing a prima facie case for a well-founded fear of future persecution. In addition to the past required insertion of an IUD, Liang testified that she would be subject to economic recriminations and sterilization upon return to China. She recounted the experience of one of her co-

workers who returned from the United States after having a child in violation of China's one child policy. Her co-worker, according to Liang's testimony, was forcibly sterilized; her co-worker's husband was fired. Because the IJ did not make an adverse credibility finding, we must accept Liang's testimony as true. *Kalubi v. Ashcroft*, 364 F.3d 1134, 1138 (9th Cir. 2004).

Accepting Liang's testimony as true, we must conclude that she meets the burden described in *Chen* for establishing a prima facie case of asylum eligibility. As the Supreme Court made clear in *INS v. Cardoza–Fonseca*, 480 U.S. 421, 430–43, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987), an asylum applicant may have a well-founded fear of persecution even if the chance of persecution is as little as ten percent. Therefore, the BIA erred in concluding otherwise.

■ The BIA adopted the IJ's rationale. Although it did not discuss changed country conditions, the IJ did. The IJ concluded that the applicable State Department Country Reports indicated that the incidents of persecution based on China's one child policy were declining. The IJ, however, did not make an individualized analysis of the country conditions in light of Liang's specific testimony. "[W]e have long held that the determination of whether or not a particular applicant's fear is rebutted by general country conditions information requires an individualized analysis that focuses on the specific harm suffered and the relationship to it of the particular information contained in the relevant country reports." *Chand*, 222 F.3d at 1079.

Given the BIA's error in analyzing the burden of proof and the IJ's error, as adopted by the BIA, in failing to making an individualized analysis of country conditions, we grant the petition and remand to

the BIA for its reconsideration. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION GRANTED; REMANDED.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable Raner C. Collins, United States District Judge for Arizona, sitting by designation.

\*\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.